IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| **Emerson Electric Co.**<br><br>    *Plaintiff,*<br><br>v.<br><br>**Arris Technology, Corp. and**<br>**Mark J. Subak**<br><br>    *Defendants.* | CASE NO. _____ |

## COMPLAINT

For its complaint against defendants, Plaintiff Emerson Electric Co. alleges:

## PARTIES

1.  Plaintiff Emerson Electric Co. (hereafter "Emerson") is a corporation organized under the laws of the State of Missouri and has its principal place of business at 800 West Florissant Avenue, St. Louis, Missouri 63136.

2.  Defendant Arris Technologies Corp. (hereafter "Arris") is a corporation organized and existing under the laws of the State of Florida, having its principal place of business in Gainesville, Florida.

3.  Defendant Mark J. Subak (hereinafter "Mr. Subak") is an individual residing in Gainesville, Florida. On information and belief, Mr. Subak is the President and Chief Executive Officer of Arris, a Director of Arris and the Registered Agent of record for Arris. The allegations and factual contentions set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

## NATURE OF ACTION, JURISDICTION AND VENUE

4. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question), § 1332 (Diversity of Citizenship), and/or § 1338 (Patent, Trademark and Unfair Competition).

6. Venue is proper under 28 U.S.C. §§ 1391(b) & (c) and/or § 1400(b), because, among other things, both defendants reside in this district.

## FACTS COMMON TO ALL COUNTS

### Emerson's Property Rights

7. Emerson is the owner by assignment of U.S. Patent No. 6,304,188 issued October 16, 2001 (the "'188 Patent"), which is valid and enforceable. In general, the '188 Patent concerns, among other things, a modular surge suppressor for use in a traffic cabinet.

8. A true and correct copy of the '188 Patent is attached as Exhibit A, and is incorporated herein.

9. The requirements of 35 U.S.C. § 287(a) have been satisfied as they may relate to the '188 Patent.

### Defendants Improper Activities

10. Defendant Mark J. Subak was previously employed by EDCO. During Mr. Subak's employment he was named as one of two inventors on the patent application that issued as the '188 Patent.

11. On November 15, 1999, and while he was employed by EDCO, Mr. Subak duly

assigned all of his rights in the '188 Patent to EDCO. Among other things, the assignment that Mr. Subak executed obligated him to "generally do everything possible . . . for securing, maintaining and enforcing proper patent protection for such improvements; . . .". A true and correct copy of the assignment from Mr. Subak to EDCO as recorded at the U.S. Patent and Trademark Office is attached as Exhibit B, and is incorporated herein.

12. Thereafter, Emerson acquired EDCO and on September 13, 2000, EDCO assigned all of its rights in the '188 Patent to Emerson. A true and correct copy of the assignment from EDCO to Emerson as recorded at the U.S. Patent and Trademark Office is attached as Exhibit C, and is incorporated herein

13. On information and belief, Mr. Subak ended his employment with Emerson, and started defendant Arris Technology Corp. to compete with his former employer. The allegations and factual contentions set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11(b)(3)

14. On information and belief, Arris has been and is presently making, using, offering for sale, and selling, in the United States, one or more products that directly infringe upon the '188 Patent. On information and belief, such products include, but are not limited to, the Arris DOT-17PI and DOT-19PI modular filtering surge suppressors. The allegations and factual contentions set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11(b)(3)

15. On information and belief, Defendant Arris has been and is presently making, using, offering for sale, and/or selling in the United States, products constituting a material part of the invention claimed in the '188 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '188 Patent, and not a staple article or

commodity of commerce suitable for substantial non-infringing use. On information and belief, such products include, but are not limited to, the Arris DOT-17PI and DOT-19PI modular filtering surge suppressors. The allegations and factual contentions set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

16. On information and belief, Mr. Subak made or was substantively involved in making all decisions for Arris concerning the activities set forth herein and actively managed Arris' performance of those activities. Mr. Subak aided and abetted and continues to aid and abet Arris' infringement of the '188 Patent. The allegations and factual contentions set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

17. On information and belief, as a named inventor of the '188 Patent, Mr. Subak has been aware of the '188 Patent at all relevant times, such that he, as described in the preceding paragraph, actively and knowingly assisted and/or induced Arris' infringement of the '188 Patent. The allegations and factual contentions set forth in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

18. As a result of the acts set forth herein, Mr. Subak is jointly and severally liable for Arris' infringement of the 188 Patent.

19. Under the doctrine of Assignor Estoppel Mr. Subak and Arris are estopped and otherwise prohibited from contesting as an affirmative defense, counterclaim, or otherwise the validity and/or enforceability of the '188 Patent in this or any other action or forum.

20. Mr. Subak, and Arris through Mr. Subak's control, are both contractually obligated to "generally do everything possible . . . for securing, maintaining and enforcing proper patent protection for such improvements; . . ." as shown in Exhibit B. Thus, any assertion by Mr. Subak, Arris, or any other entity under Mr. Subak's or Arris' ownership or control contesting the validity or enforceability of the '188 Patent will be a breach of contract for which, among other things, damages, costs, and attorney fees will lie.

21. Infringement of the '188 Patent by Arris' and Mr. Subak has been and continues to be willful. The allegation set forth in this paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11(b)(3).

## COUNT I

### Infringement of the '188 Patent

22. The allegations in the preceding paragraphs of this Complaint are hereby restated and incorporated by reference.

23. Arris and/or Mr. Subak have committed acts of direct infringement under 35 USC 271(a) and/or indirect patent infringement under 35 USC 271(b) & (c) by making, using, selling, offering to sell, and/or importing products that infringe one or more claims of the '188 Patent, including, but not limited to, the DOT-17PI and DOT-19PI.

24. Arris' and/or Mr. Subak's infringement of the '188 Patent has been and continues to be willful. The allegation set forth in this paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11(b)(3).

WHEREFORE, Emerson requests judgment against Arris and Mr. Subak as follows:

1. A preliminary and permanent injunction against infringement in such form as the Court deems just;

2. An award of damages against both defendants that is adequate to compensate for the infringement;

3. An award of attorney fees;

4. That this case is exceptional under the patent laws and that this Court award enhanced damages under 35 U.S.C. § 284; and attorney fees and costs under 35 U.S.C. § 285 or other applicable statute;

5. An award of prejudgment interest; and

6. That Emerson be granted such other and further relief in law and equity as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Emerson Electric Co. hereby demands a trial by jury of all issues so triable.

February 9th, 2010

Respectfully submitted,

Rutledge R. Liles
Florida Bar No. 102805
LILES, GAVIN, COSTANTINO & GEORGE
225 Water Street, Suite 1500
Jacksonville, FL 32202
T: 904-634-1100
F: 904-634-1234
Email: rliles@lgcglaw.com

Trial Counsel

Of counsel:

Robert J. McAughan, Jr.
Texas Bar No. 00786096
Albert B. Deaver, Jr.
Texas Bar No. 06703800
D. Brit Nelson
Texas Bar No. 14888660
LOCKE LORD BISSELL & LIDDELL LLP
3400 JPMorgan Chase Tower
600 Travis Street
Houston, TX 77002-3095
T: 713-226-1154
F: 713-229-2638
Emails:  bnelson@lockelord.com
            rmcaughan@lockelord.com
            adeaver@lockelord.com

Trial Counsel